UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

INNOVATIVE VEHICLE
SOLUTIONS WEST, LLC d/b/a
EL KAPITAN,

     Plaintiff,

v.

RENNTECH, INC.,

     Defendant.

Case No.:

## COMPLAINT AND DEMAND FOR A JURY TRIAL

Plaintiff INNOVATIVE VEHICLE SOLUTIONS WEST, LLC, d/b/a EL KAPITAN, by and through its undersigned counsel, sues Defendant RENNTECH, INC., and states:

## PARTIES, JURISDICTION, AND VENUE

1. This is a civil action for breach of a mediated settlement agreement where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs and is between citizens of different States.

2. Plaintiff INNOVATIVE VEHICLE SOLUTIONS WEST, LLC, d/b/a EL KAPITAN ("EL KAP") is a Delaware limited liability company with its principal place of business in California.

3. The sole member of EL KAP is non-party IVS International, Inc., which is incorporated in Delaware and has its principal place of business in South Carolina.

IVS International, Inc. is a citizen of both Delaware and South Carolina pursuant to § 28 U.S.C. 1332(c)(1).

4. Defendant RENNTECH, INC. ("RENNTECH") is a Florida corporation. Its principal place of business is in Stuart, Martin County, Florida, where it also maintains its registered agent.

5. This Court can exercise personal jurisdiction over RENNTECH because RENNTECH is domiciled in Martin County, Florida.

6. Venue is proper in the Southern District of Florida, Fort Pierce Division.

7. All conditions precedent to the institution of this lawsuit have occurred or been waived.

## FACTUAL BACKGROUND

8. On October 5, 2021, EL KAP sued RENNTECH in this Court for breach of contract, unjust enrichment, and negligence. That case is *Innovative Vehicle Solutions West, LLC d/b/a El Kapitan v. Renntech, Inc.*, Case No. 2:21-cv-14404-AMC (the "2021 Lawsuit").

9. The 2021 Lawsuit concerned a custom-built Ford Transit van (the "Van"). EL KAP alleged that RENNTECH performed defective work on the Van, which RENNTECH denied.

10. On October 12, 2022, the 2021 Lawsuit proceeded to mediation.

11. Representatives of EL KAP and RENNTECH attended the October 12, 2022,

mediation.

12. On October 12, 2022, the representatives of EL KAP and RENNTECH

executed a Mediated Settlement Agreement (the "Agreement"). A true and correct

copy of the Agreement is attached as **Exhibit 1**.

13. The parties reached a conditional settlement, as stated in paragraph 4 of the

Agreement:

> This agreement is conditioned upon RENNTECH's acceptance of the condition of the Van as set forth herein. Within ten (10) days of the Effective Date, EL KAP will make the Ford 2017 Transit 350 HD van that is the subject matter of the above-captioned lawsuit (VIN 1FTRS4XV5HKA86139, the "Van") available for inspection by RENNTECH at a mutually agreeable date and time at the Van's storage location in Georgia. If RENNTECH's inspection reveals any unknown material defect in the Van (i.e., a problem not alleged in the pleadings in this case), RENNTECH has the option to void this Mediated Settlement Agreement, which option shall expire on October 22, 2022.

See **Exhibit 1**.

14. RENNTECH inspected the Van on October 20, 2022, at the Georgia storage

facility.

15. The storage facility had lost the key to the Van.

16. The storage facility had obtained a replacement key at its own expense.

17. In order for the Van's computer system to recognize a replacement key, the

key must lock and unlock the doors of the Van.

18. The doors of the Van do not latch and therefore cannot lock.

19. The non-latching doors were a known defect alleged in the complaint in the 2021 Lawsuit.

20. The Van does not recognize the replacement key.

21. Although the replacement key fits in the ignition, it cannot turn on the Van due to the computer recognition issue.

22. The computer recognition issue can be solved, and the replacement key made effective, by taking the Van to a Ford dealership to override the computer settings and reprogram the replacement key.

23. The October 22, 2022 deadline set forth in paragraph 4 of the Agreement did not give RENNTECH adequate time to take the Van to a Ford dealership.

24. In a good-faith effort to keep the settlement alive, EL KAP extended the deadline first to October 29, 2022, and then to November 10, 2022.

25. RENNTECH did not take the Van to a Ford dealership or otherwise attempt to program the replacement key.

26. On October 28, 2022, RENNTECH notified EL KAP that RENNTECH was "exercising its option to void the Mediation Settlement Agreement" for "material defects."

27. RENNTECH's purported exercise of the option to void the Agreement is invalid.

28. Per the Agreement, the option could only arise if RENNTECH's inspection

"reveal[ed] any unknown material defect in the Van."

29. The need to program the replacement key was unknown but is not material.

30. The inability to latch and lock the doors is material but was known.

31. RENNTECH's inspection did not reveal any material defect with the engine.

32. RENNTECH's inspection did not reveal any material defect with the transmission.

33. RENNTECH's inspection did not reveal any unknown material defect(s) with the Van.

34. EL KAP and RENNTECH agreed that the Agreement would be enforceable by specific performance. See **Exhibit 1**, ¶ 11.

35. EL KAP and RENNTECH agreed that "[i]f it becomes necessary for any Party to take any type of action to enforce the terms of this Mediated Settlement Agreement, the prevailing party shall be entitled to recover all reasonable attorneys' fees, costs, and expenses, including any negotiations, mediation, arbitration, litigation, and appeal." See **Exhibit 1**, ¶ 11.

36. EL KAP has retained the law firm of Lindsay & Allen, PLLC to represent it in this action and is required to pay a reasonable fee for its services.

### COUNT I: BREACH OF MEDIATED SETTLEMENT AGREEMENT

37. EL KAP reaffirms and realleges paragraphs 1 through 36 as if fully set forth herein.

38. RENNTECH anticipatorily breached the Agreement by purporting to void it when no valid ground to void the Agreement existed.

39. RENNTECH breached the Agreement by demanding the return of its first installment payment under subparagraph 1(a) of the Agreement.

40. RENNTECH breached the Agreement by failing to make the installment payments required by subparagraphs 1(b) and (c) of the Agreement.

41. RENNTECH will further breach the Agreement by failing to make the installment payments required by subparagraphs 1(d), (e), and (f) of the Agreement.

42. RENNTECH's breaches of the Agreement caused damage to EL KAP.

   *WHEREFORE*, EL KAP respectfully requests that the Court enter a final judgment in favor of EL KAP and against RENNTECH for specific performance; in the alternative, that the Court enter a final judgment in favor of EL KAP and against RENNTECH for damages, including pre- and post-judgment interest; that the Court award EL KAP its reasonable attorneys' fees and costs; and for such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

   Plaintiff demands a trial by jury on all issues so triable.

Dated December 20, 2022.

**LINDSAY & ALLEN, PLLC**

/s/ *Kelsey Hazzard*
Todd B. Allen, Esq.
Florida Bar No. 83990
Kelsey Hazzard, Esq.
Florida Bar No. 99795
Victor Bermudez, Esq.
Florida Bar No. 1010344
*Trial Counsel for Plaintiff*
13180 Livingston Road, Suite 206
Naples, FL 34109
(P) 239.593.7900 (F) 239.593.7909
todd@naples.law
kelsey@naples.law
victor@naples.law
service@naples.law